Jeffrey Caldwell #145113 DOCLL

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

(To be supplied by the court)

FILED
UNITED STATES DISTRICT COURT
DENVER COLORADO

NOV 1 3 2012

JEFFREY P. COLWELL
CLERK

Jeffery Caldwell #145113
Plaintiff,
v.

Sgt. Aaron Nelson,

C.O. Robert Ferguson,
Lt. Higgins,

Defendants.

(List each named defendant on a separate line.)

**PRISONER COMPLAINT**
**JURY TRIAL DEMAND**

(Rev. 1/30/07)

## A. PARTIES

1. Jeffery Caldwell #145113, Sterling Correctional Facility, (SCF) P.O. Box 6000, Sterling, CO. 80751

   (Plaintiff's name, prisoner identification number, and complete mailing address)

2. Aaron Nelson, Sergeant (Sgt.) SCF, P.O. Box 6000, Sterling, CO. 80751

   (Name, title, and address of first defendant)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? _X_Yes __No (CHECK ONE). Briefly explain your answer:

   Nelson was a Sgt. at SCF at all times relevant to this complaint.

3. Robert Ferguson, Correctional Officer (C.O.), SCF, P.O. Box 6000, Sterling, CO. 80751

   (Name, title, and address of second defendant)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? _X_Yes __No (CHECK ONE). Briefly explain your answer:

   Ferguson was a C.O. at all times relevant to this complaint.

4. Lt. Higgins. Lieutenant (Lt.) SCF, P.O. Box 6000, Sterling, CO. 80751

   (Name, title, and address of third defendant)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? _X_Yes __No (CHECK ONE). Briefly explain your answer:

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

   __X__ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   ___ 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):
   I hereby make a formal jury trial demand pursuant to FRCP 38 and 39

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

While housed in SCF I suffered significant injury as the result of an excessive use of force by the housing staff, instigated and overseen by their supervisor. I suffered extensive and painful damage to my left hand in the form of a torn ligament.

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: Violation of 8th Amendment Right to Remain Free From Cruel and Unusual Punishment

Supporting Facts: The 8th Amendment of the United States Constitution guarantees the right to remain free from cruel and unusual punishment. An unnecessary and wanton infliction of pain by prison officials on a prisoner constitutes a violation of the 8th Amendment Hudson v. McMillian 503 US 1, 5 (1992). This is true whether the officials were attempting to quell a riot or merely maintain order. ibid. The question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. ***Whitley v. Albers 475 US 312***

On September 13, 2011, I was living in SCF Living Unit 2. I was instructed to allow an inmate who had been convicted of raping and murdering a 13 year old, mentally handicapped girl to move in with me. When I refused to go along with this unreasonable directive I was called into the Living Unit 2 Housing Office. This directive was issued at the order of Lt. Higgins. When I arrived in the office Lt. Higgins, Sgt. Nelson, and C.O. Ferguson were waiting on me in what I took to be hostile and threatening postures. They verbally abused me (calling me names such "piece of shit", accusing me of crimes against the elderly and repeatedly interrupting any attempt at explanation on my part by telling me to "shut the fuck up"). This despite a specific DOC Administrative Regulation 100-19 specifically stating that profanity by staff directed at inmates is never acceptable. When it became apparent I wouldn't be verbally bullied they ordered me to submit to a handcuffing. The cuffs were placed on intentionally and excessively tight. I know this was intentional because as Sgt. Nelson was applying the cuffs he continued to rachet them tighter asking, "You like that tough guy?" This was done in the plain view of Lt. Higgins who laughed at what he was witnessing and informed me I should think about this the next time I wanted to argue with him or one of his staff.

After I was handcuffed, Sgt. Nelson and C.O. Ferguson each took one of my arms and roughly pushed me out of the office doorway. Once we were in the vestibule, Sgt. Nelson and C.O. Ferguson picked me up off the ground and ran me at top speed over 15 feet intentionally slamming my face into the wall. Once I was pressed against the wall, they held me up at such an awkward angle that my feet couldn't even touch the ground. I informed Sgt. Nelson (who was wrenching my left arm) that I had nerve damage in my left hand and I begged him to relieve some of the pressure he was applying. His response was to tell me to shut the fuck up and stop

whining. I was held in this awkward and excruciatingly painful position for what felt like five minutes, until first responders arrived to assist with my escort to segregation. The pain and injury that resulted from these actions could not have been made in good faith, or as any kind of attempt to restore discipline as I was already restrained and not posing any threat to staff, other inmates, or myself. The causing me harm was the only purpose served by these actions. I was handed off to two other officers whose identities I do not know and escorted to medical for an anatomical report. I was given only a cursory and superficial evaluation before being escorted to segregation.

When I reached the relative safety of a segregation cell, I knew there was something very wrong with me. I felt extreme pain in my left hand and wrist. The pain was worsening, not lessening as time passed. When the nurse came for what I believe was segregation medication delivery, I informed her through the door that I needed immediate medical attention. She told me she could not do anything and that I would need to submit a kite (written medical request). I did so and it took 89 days (from September 13, 2011 to December 12, 2011) for medical to see me. Physicians Assistant Meloh informed me that the X-Rays taken showed a torn tendon in the left thumb. Additionally a previous back injury (broken in a ski accident in 2007) was re injured. I was prescribed Neurontin and Motrin for the pain. In March of 2012 I was sent to Doctor Kakkar a neurologist in Denver. I am waiting to see an orthopedic surgeon.

On 9/13/2011 Sgt. Aaron Nelson violated my right to remain free from Cruel and Unusual Punishment by subjecting me to an unnecessary and wanton infliction of pain. The damage done to me due to Nelson's actions has had a lasting effect constituting an ongoing injury that may last for the rest of my life. This is a clear violation of my Constitutional Rights.

On 9/13/2011 Correctional Officer Robert Ferguson violated my right to remain free from Cruel and Unusual Punishment by subjecting me to an unnecessary and wanton infliction of pain. The damage done to me due to Ferguson's actions has had a lasting effect constituting an ongoing injury that may last for the rest of my life. This is a clear violation of my Constitutional Rights.

On 9/13/2011 Lt. Higgins violated my right to remain free from Cruel and Unusual Punishment by failing to properly supervise Sgt. Nelson and C.O. Ferguson and by encouraging their unnecessary and wanton infliction of pain. The damage done to me due to Higgins' failure to train and supervise his subordinates has had a lasting effect constituting an ongoing injury that may last for the rest of my life. This is a clear violation of my Constitutional Rights.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _X_Yes __No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: Sgt. Nelson, C.O. Ferguson,

2. Docket number and court name: 12S5 Logan County Combined Courts

3. Claims raised in prior lawsuit: Excessive Force/Brutality

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): Dismissed

5. If the prior lawsuit was dismissed, when was it dismissed and why? March 2012 Lack of Jurisdiction

6. Result(s) of any appeal in the prior lawsuit: ____________________

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   _X_ Yes __No (CHECK ONE).

2. Did you exhaust available administrative remedies? __X Yes __No (CHECK ONE).

Jeffrey Caldwell #145113 DOCLL

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

I am seeking relief in the form of Compensatory and Punitive Damages.
I am also seeking Injunctive Relief.
I am seeking the costs and fees involved in the prosecution of this Claim.
Any additional relief this court deems just, proper and equitable

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. ***See*** 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on

(Date) 11/8/12

(Prisoner's Original Signature)