IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02990-RBJ-BNB

JEFFERY CALDWELL,

Plaintiff,

v.

SGT. AARON NELSON,
C.O. ROBERT FERGUSON, and
LT. HIGGINS,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

This matter arises on the defendants' **Motion to Dismiss or Alternatively Motion for Summary Judgment** [Doc. #18, filed 03/01/2013] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S.

---

[1]The plaintiff was ordered [Doc. #23] to respond to the Motion on or before May 13, 2013, but no response was received.

144, 157 (1970).  Summary judgment shall be rendered "if the movant shows that there is no

genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a).  A genuine issue of material fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of

pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine

issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "The moving party

may carry its initial burden either by producing affirmative evidence negating an essential

element of the nonmoving party's claim, or by showing that the nonmoving party does not have

enough evidence to carry its burden of persuasion at trial."  Trainor v. Apollo Metal Specialties,

Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate

evidence of specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at

324.  Only admissible evidence may be considered when ruling on a motion for summary

judgment.  World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

The plaintiff filed his Prisoner Complaint on November 13, 2012 [Doc. #1] (the

"Complaint").  At all times relevant to the allegations of the Complaint, the plaintiff was

incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling Correctional

Facility ("SCF").  The Complaint asserts one claim for violation of the Eighth Amendment

stemming from excessive force used against him on September 13, 2011.

The defendants assert that the claim must be dismissed because the plaintiff failed to exhaust his administrative remedies. *Motion*, pp. 3-6. Because the plaintiff's claims challenge prison conditions, they are governed by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both. Booth v. Churner, 532 U.S. 731 (2001). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 741 n.6.

The DOC has a three-step grievance process. *Motion*, Ex. A-1, ¶ 4. The inmate may first file a Step 1 grievance with staff no later than thirty days from the date the inmate knew or should have known of the facts giving rise to the grievance. Id. at ¶ 5. The inmate may elect to file a Step 2 grievance within five days of receipt of the staff's response to the Step 1 grievance. Id. at ¶ 6. If the inmate is dissatisfied with the Step 2 response, a Step 3 grievance may be submitted within five days of receipt of the Step 2 response. Id. at ¶ 7.

The following facts are undisputed. The plaintiff filed a Step 1 grievance on December 16, 2011, regarding the alleged use of excessive force on September 13, 2011. Id. at ¶ 12. The Step 1 grievance was denied on the merits. Id. at Attachment 2 (Doc. 18-1, p. 24). The plaintiff

filed a Step 2 grievance on January 19, 2012.  Id. at Ex. A-1, ¶ 12.  The Step 2 grievance was

denied on the merits.  Id. at Attachment 2 (Doc. 18-1, p. 23).  The plaintiff filed a Step 3

grievance on March 15, 2012.  Id. at Ex. A-1, ¶ 12.  The Step 3 grievance was denied by the Step

3 Grievance Officer because the plaintiff had failed to timely file his Step 1 grievance.  Id. at ¶¶

1, 13.  The Step 3 Grievance Officer stated in pertinent part:

> Your grievance is filed out of time.  The time frame for filing
> grievances is outlined in Administrative Regulation 850-04.  You
> have thirty days from when you knew or should have known of the
> facts giving rise to this grievance.  This principal action from
> which your subsequent allegations follow occurred 9/13/2011 and
> you did not file the Step 1 until 12/16/2011.
>
> The time constraints outlined in AR #850-04 are now expired
> regarding these events, so there will be no further review of this
> matter.
>
> You have not exhausted your administrative remedies in this
> matter based upon your failure to satisfactorily request allowable
> relief and your failure to follow the grievance procedure.  This is
> the final administrative action in this matter.

Id. at Attachment 2 (Doc. 18-1, p. 21).

An inmate's "failure to meet the appropriate filing deadlines for administrative remedies

constitutes a failure to exhaust those remedies."  Collins v. Federal Bureau of Prisons, 69

Fed.Appx. 411, 413, 2003 WL 21380545, *1 (10th Cir. June 16, 2003).  "An inmate must

properly complete the administrative grievance process, from start to finish, in order to bring his

civil rights claim in federal court.  Failure to comply with the rules established for the

administrative grievance process, including applicable deadlines, results in procedural default of

the plaintiff's claims."  Ashford v. Hahn, No. 02-1078, 2003 U.S. App. LEXIS 200, *3 (10th Cir.

Jan. 6, 2003) (citation omitted).  See also Ross v. County of Bernalillo, 365 F.3d 1181, 1186

(10th Cir. 2004) *overruled on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199 (2007).  In addition,

even though the plaintiff's Step 1 and Step 2 grievances were addressed on the merits despite

their untimeliness, the DOC ultimately chose to raise the timeliness issue and reject the

grievance before the administrative process was concluded.  Therefore, the defendants did not

waive their exhaustion defense.  <u>Ross</u>, 365 F.3d at 1186; <u>Jewkes v. Shackleton</u>, Civil Case No.

11-cv-00112-REB-BNB, 2012 U.S. Dist. LEXUS 105415, **6-11 (July 23, 2012).

The plaintiff has failed to create a material fact dispute regarding whether he exhausted

his administrative remedies.  A dismissal based on failure to exhaust should be without prejudice

where the time for pursuing administrative remedies has not expired and the inmate can cure the

defect by simply exhausting the available remedies.  <u>Steele v. Federal Bureau of Prisons</u>, 355

F.3d 1204, 1213 (10th Cir. 2003), *overruled on other grounds*.  <u>See also</u> <u>Mitchell v. Figueroa</u>, No.

12-6051, 2012 WL 2877461 (10th Cir. July 16, 2012) (affirming the district court's grant of

summary judgment to the defendants and dismissal of unexhausted claims without prejudice).  In

this case, the Step 3 Grievance Officer unequivocally stated that he will not reconsider the

plaintiff's grievances at a later date.

The defendants are entitled to summary judgment, and the plaintiff's claim should be

dismissed with prejudice.

## IV.  CONCLUSION

I respectfully RECOMMEND:

(1)  The defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment

[Doc. #18] be GRANTED and that the Complaint be dismissed in its entirety; and

(2)   The plaintiff's claim be DISMISSED WITH PREJUDICE.[2]

Dated August 19, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).