IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-02990-RBJ-BNB

JEFFERY CALDWELL,

      Plaintiff,

v.

SGT. AARON NELSON,
C.O. ROBERT FERGUSON, and
LT. HIGGINS,

      Defendants.

---

## ORDER

---

This case is before the Court on (1) a "Motion to Dismiss or Alternatively for Summary Judgment"; and (2) the recommendation of United States Magistrate Judge Boyd N. Boland that the motion be granted. For the reasons set forth herein, the Court accepts the recommendation and grants the motion to dismiss this case.

### Factual Background

This case was filed by Jeffrey Caldwell, then an inmate at the Sterling Correctional Facility which is a unit of the Colorado Department of Corrections, on November 13, 2012. Mr. Caldwell, who was representing himself *pro se,* complained that he had suffered a serious injury, specifically a torn ligament in his left hand, as a result of the use of excessive force by staff at the facility. Specifically, he alleged that on September 13, 2011 he refused an instruction to allow another inmate who had been convicted of raping and murdering a mentally handicapped 13-year old girl to move in with him. In response defendants Nelson, Ferguson and Higgins first verbally

abused him, then placed him in handcuffs which were intentionally and excessively tighten by Sgt. Nelson in Lt. Higgins' presence.  Then, according to the complaint, Sgt. Nelson and Correctional Officer Ferguson slammed his face into a wall, in the process wrenching his left arm and causing injury to his left hand.  Based on this conduct, Mr. Caldwell alleges that he is the victim of cruel and unusual punishment in violation of the Eighth Amendment.

The defendants filed their motion to dismiss, or in the alternative for summary judgment, on March 1, 2013 [docket entry #18].  Apparently coincidentally, Mr. Caldwell sent a letter to the "Federal District Court Clerk," dated March 3, 2013, indicating that he had received no response to his lawsuit [#21].  That letter, which received by the Clerk's Office on March 5, 2013, also indicated that Mr. Caldwell was now at a "halfway house" with the address 2945 E. Las Vegas St., Colorado Springs, CO 80906.  Meanwhile, on March 4, 2013, the magistrate judge had issued a minute order directing Mr. Caldwell to respond to the motion to dismiss on or before April 1, 2013 [#20].  Mr. Caldwell apparently received that minute order, because he sent another letter, this time addressed personally to Magistrate Judge Boland and to the undersigned district judge, bearing his handwritten date of March 21, 2013, although it was not received by the Clerk's Office until April 13, 2013 [#22].  In this letter he says that he is responding to the magistrate judge's "letter" of March 4, 2013.  His response states, "I know there is grounds for me to file an 8th Amendment violation claim and if this case would get to a jury then they would see how my Rights were violated.  I have a lot of professional witnesses, video coverage of the incident, and the medical documentation to prove I was beatup." *Id.*

The magistrate judge properly struck the two letters for a number of reasons, including the lack of any certification that they had been served on defense counsel, but he also granted plaintiff nearly another month, to May 13, 2013, to respond to the motion to dismiss [#23].  No

response was filed.  Ultimately, on August 19, 2013 the magistrate judge issued the recommendation that is a subject of this order [#24].  No objection was ever filed to the recommendation.  However, the file reflects that mail addressed to Mr. Caldwell at his 2945 E. Las Vegas address, containing the magistrate judge's recommendation, was returned as undeliverable to Mr. Caldwell at that address [#25].  Apparently someone made an attempt to update Mr. Caldwell's address, because another mailing containing the magistrate judge's recommendation, was sent to the Cheyenne Mountain Re-Entry Center at 2925 E. Las Vegas Street, Colorado Springs, CO 80906.  That was sent out on September 4, 2006.  Still, no objection to the recommendation has been filed by Mr. Caldwell as of this date.

**Discussion**

The Court's first question upon reviewing this file is whether Mr. Caldwell's non-response might have resulted from his changing addresses and not receiving the motion or the recommendation.  However, it is evident that he received the March 4, 2013 minute order of the magistrate judge that granted him until April 1, 2013 to respond to the motion, because Mr. Caldwell acknowledged that he had received it, albeit in the improper form of a letter to Judge Boland and me, dated March 21 and received in the Clerk's Office on April 13, 2003.  Perhaps that letter was intended to be his response to the motion.  If so, then in addition to the improper form, it was unhelpful as it provided no facts or analysis as to why the motion should be denied.  For all intents and purposes there was no substantive response to the motion.

As I have indicated, there has been no objection or response at all to the magistrate judge's recommendation of August 19, 2013.  One might speculate that this is because even though service was attempted to be made on Mr. Caldwell at his last reported address, he was returned as undeliverable.  However, the address was updated, the recommendation was re-

mailed, this time not being returned as undeliverable, but still there has been no objection to the recommendation, and the time for doing so has expired.  In any event, it is Mr. Caldwell's obligation to keep the court updated as to his mailing address if that address changes.  I conclude that he has had reasonable and sufficient opportunities to respond, but that he has not done so.

"In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

The Court has reviewed all the relevant pleadings concerning the recommendation, which was based upon Mr. Caldwell's failure properly to exhaust his administrative remedies before filing this lawsuit.  The Court concludes that the magistrate judge's analyses and recommendations are correct, and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note.

**Order**

Accordingly, it is ORDERED that the recommendation of the United States Magistrate Judge, Doc. # 24, is AFFIRMED and ADOPTED.  It is further ORDERED that defendant's Motion to Dismiss, Doc. #18, is granted, and that all claims asserted by the plaintiff against the defendants are DISMISSED WITH PREJUDICE.

DATED this 10th day of October, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge